IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF REALTORS®, a Not-For-Profit Corporation, | ) ) ) ) | Case No. 4:04CV3163 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM AND ORDER** |
| ROBERT B. LOWE and LOWE INSURANCE AND REAL ESTATE AGENCY, | ) ) ) ) | |
| Defendants. | ) | |

This is an unusual case. On October 25, 2004, I entered default judgment in favor of the plaintiff and against the defendants, providing that "the defendants and their employees, officers, agents, servants, and assigns are enjoined from <u>using</u> the trademarks REALTOR® and/or REALTORS® and/or REALTOR® Block R Logo pursuant to 15 U.S.C. § 1116." (Filing 15 (emphasis added).) The plaintiff has filed a motion for contempt of court, sanctions, and attorneys' fees (filing 16).

The plaintiff asks that I hold the defendants in civil contempt of court because defendant Robert Lowe is "now displaying the Realtor signage again and representing himself to the public-at-large as a 'Realtor.'" I ordered an evidentiary hearing on the motion. The hearing was conducted on June 20, 2006.

I now issue a decision that I hope will resolve this matter. We shall see.

*Facts*

In support of its motion, the plaintiff filed an index of evidence (filing 18) containing three affidavits and a photograph purporting to establish that defendant

Robert Lowe has referred to himself on local television as a "Realtor" and has displayed a sign on the front window of his business which advertises to the public that he is a "Realtor."[1] I received those affidavits into evidence at the hearing. (Ex. 1.)

Mr. Lowe was present at the hearing and was represented by counsel. Mr. Lowe was sworn and gave testimony about whether he held himself out as a "Realtor" and about his use of the offending logo. He said that he was ill and near death at the time the original judgment was entered. At that time, his representatives, without his knowledge, allowed judgment to be entered. Those representatives complied with the judgment by simply taping a piece of paper on the outside of the window and over the offending logo.[2]

To everyone's surprise, Mr. Lowe, who is in his late seventies, recovered. Time passed. After the paper that had been obstructing the offending logo came down, Mr. Lowe testified that he did not put it back. He explained why.

He said that many years ago, the words were placed on the window using real gold lettering; that the lettering had personal significance to him because his family had conducted its businesses under the lettering for more than 50 years; while he once held a real estate license, he no longer holds such a licence and he does not hold himself out to be "Realtor"; he does not engage in the real estate business except to manage his own properties; he goes to the office to conduct a small amount of

---

[1] The sign, painted on a glass window, states: "Robert B. Lowe" followed by "REALTOR" followed by "General Insurance Rentals" followed by "Western Insurance Agency." (Ex. 1 (attached photo).)

[2] Mr. Lowe had given a power of attorney to Larry Lee Britton. Mr. Britton testified at the evidentiary hearing and confirmed Mr. Lowe's testimony regarding Lowe's illness, the judgment, and the steps taken to comply with the judgment.

insurance business and to manage his own properties; it would be costly to remove the lettering; and, because the gold lettering has family and historical significance, it would upset him if he had to remove the lettering merely because he was using the building where the offending logo was displayed to conduct a little business not associated with the trademark.

Also offered, and received, into evidence were various exhibits. (Exs. 101-106.) Five of the affidavits corroborated Lowe's testimony that he was not holding himself out to be a "Realtor" and that the lettering on the building had historical significance. (Exs. 102-106.)

Finally, Lowe testified that he would abide by whatever decision the court rendered. He said that he did not knowingly violate the court's order.

### *Applicable Law*

An injunction issued under 15 U.S.C. § 1116, as in this case, "may be enforced by proceedings to punish for contempt, or otherwise." The party seeking civil contempt "bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). Indeed, the "contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." Mahers v. Hedgepeth, 32 F.3d 1273, 1275 (8th Cir. 1994). And, "[b]efore a party can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagen, 16 F.3d 921, 924 (8th Cir. 1994) (internal quotation marks and citation omitted).

On the other hand:

> Once it has been shown that the alleged contemnors violated a court order, the contemnor bears the burden of showing that compliance is presently impossible. To show that compliance is presently impossible, the defendant must demonstrate: (1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.

United States v. Santee Sioux Tribe of Nebraska, 254 F.3d 728, 736 (8th Cir. 2001) (internal quotation marks and citation omitted).

If the court finds a party in contempt, it may levy a fine payable to the moving party or to the court. The court may also award attorneys' fees and other costs incurred in prosecuting the contempt motion. Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (trademark case). An award of damages for contempt is justified if the contemptuous action caused the complainant to suffer damage or if the contemnor profited by his contemptuous actions. Louis Altman, Callmann on Unfair Competition, Trademarks & Monopolies § 23:50 (4th ed. 2006).

If the purpose of the sanction is to coerce compliance with a court order, as would seem to be the case here, the amount of any fine should be what is necessary to accomplish that objective, taking into account the character and magnitude of the harm threatened by continued contemptuous behavior, the probable effectiveness of a sanction in bringing about the desired result, the defendant's financial resources, and the seriousness of the burden the sanction would put on the defendant. Id. A sanction is civil if its purpose is to coerce compliance with a court order or to compensate a party for the contemnor's violation. However, a sanction becomes criminal—and subject to the "reasonable doubt" standard of proof—if it punishes a defendant for past conduct. Id.

### *Mr. Lowe is Not Holding Himself Out to be a "Realtor"*

The evidence does not show that Mr. Lowe is holding himself out to be a "Realtor." On the contrary, the greater weight of the evidence convinces me that he is not doing so.

### *Mr. Lowe Should be Given an Opportunity to Provide Additional Evidence Regarding "Use" of the Word "REALTOR" on His Office Window*

While Mr. Lowe does not hold himself out to be a "Realtor," it is clear that Mr. Lowe continues to "use" his office where the offending logo, historical although it may be, is displayed. Does this mean he is also "using" the trademark as prohibited by my judgment? I will give Mr. Lowe an opportunity to answer that question.

IT IS ORDERED that:

1. Mr. Lowe may submit an affidavit and file it in the court file no later than August 1, 2006, attesting that: (a) he has removed the offending logo; or (b) he has obscured the offending logo (such as by papering it over as before); or (c) he has placed a sign in the window where the offending logo is displayed stating, in the same size font as the offending logo, that: "Robert B. Lowe is not a REALTOR®." If Mr. Lowe files an affidavit and it is factually inaccurate, a representative of the plaintiff may file a responsive affidavit by August 21, 2006.

2. This matter shall be ripe for decision on August 22, 2006, and my judicial assistant shall call this case to my attention on that date.

June 29, 2006.    BY THE COURT:
s/Richard G. Kopf
United States District Judge